JOPLIN SUPPLY COMPANY, Respondent, v. F. BRENNERMAN et al., Defendants; E. B. RHEA, Receiver, Appellant.

Kansas City Court of Appeals, May 11, 1903.

**Receivers:** ORDER APPOINTING: CONSTRUCTION: OPERATING EXPENSES. An order appointing a receiver and restricting his compensation for operating a mine is construed and held not to apply to his compensation for his other duties, such as taking care of the property and collecting royalties, etc., for which he is entitled to a reasonable compensation.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

REVERSED AND REMANDED (*with directions*).

Vol 99 app—42

*C. V. Buckley* for appellant.

(1) The court should have allowed appellant for services performed; and if the trial court fails to do so the appellate court will. State ex rel. v. Grabill, 69 Mo. App. 536. (2) The court misconstrued its order.

*F. L. Farlow* and *Redding & Owens* for respondent.

SMITH, P. J.—Preliminarily, we may state that we have examined both the motion to dismiss the appeal and that to affirm the judgment, and have concluded that neither should be sustained.

The case presented by the record as near as we can make out is this: The plaintiff brought a suit in the circuit court against the defendants, who were engaged in mining operations under the name of the "Mocking Bird Mining Company," to recover for supplies furnished the latter. Rhea, on application of the plaintiff, was appointed receiver of the mining company whose assets consisted of certain mining lots, mill and other property thereon used in the production of lead and zinc ores. The order appointing the receiver required him to give a bond for $7,500. It also authorized him "to conduct mining operations on said property, to employ help therefor and all things necessary and needful for the protection of said property; provided said receiver shall operate said mining property without any expense outside of what may be produced from ores mined by him from said lots, and contract no debts or obligations that would be a lien or claim thereon prior to or would take precedence over the claim of any creditor of the defendants, and provided further, that if said mines should fail at any time to bear the expenses of operating the same then said receiver shall close the same down and cease operating the same. Nor is said receiver to receive, claim or be allowed anything for his services herein, except it be produced from said mines over and above operating expenses."

It appears that some time after the foregoing order was made, the receiver reported to the court that in his opinion he could not conduct the mining operations contemplated by it without loss to the estate. It is conceded that the receiver did not operate the mines at all. It appears that later on he made a number of reports to the court and under its orders. He took various steps as receiver in respect to the administration of the trust, such, for example, as the employment of a watchman to look after the property; the issue of receiver's certificates on which to raise money to pay the necessary expenses incurred in the preservation of the property, etc.; the purchase of coal to keep the pump going so as to prevent damage to the mines from the accumulating water; the repairing of damages to the property which had been caused by a storm, and the like. And in addition to the performance of these duties he leased the property for a certain per cent of royalty and collected and accounted for the same. After the full and complete administration of the trust, and the making of his final report, he filed a motion requesting the court to allow him two hundred dollars for his services, but which the court refused. On the hearing of the motion it was agreed that if he was entitled to any compensation whatever, the amount should be that requested.

It seems the court was influenced to deny the requested allowance by the construction placed by it on the language of the order hereinbefore quoted. By reference to that order it will become at once quite manifest that the prohibitory clause therein did not extend beyond such services as the receiver should render in conducting the mining operations therein authorized. The contention that its application extends to other services rendered by him in the execution of the trust under the direction of the court results, we think, from a misconception of the plain and obvious purport and meaning of the order.

That the receiver was entitled to a reasonable com-

pensation for the services rendered by him, other than that contemplated by the order, is, we think, an indisputable proposition, and as to what was a reasonable compensation was fixed by the agreement of the parties, no reason is seen why it was not allowed.

Accordingly, the order will be reversed and the cause remanded, with directions to the circuit court to sustain the receiver's motion and allow him the amount therein requested. All concur.